United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eduardo Gotay Marrero, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-21066-Civ-Scola |
| ) | |
| Kiolo Kijakazi, *Acting Commissioner* ) | |
| *of Social Security*, Defendant. ) | |

### Order Adopting Magistrate's Report and Recommendations

This matter was referred to United States Magistrate Judge Jonathan Goodwin for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendation on any dispositive matters. Judge Goodwin issued a report, recommending that the Court deny Plaintiff Eduardo Gotay Marrero's motion for summary judgment (ECF No. 22), grant Defendant Kiolo Kijakazi, Acting Commissioner of the Social Security Administration's motion for summary judgment (ECF No. 23), and affirm the administrative law judge's unfavorable decision. (Rep. & Rec., ECF No. 27.) Marrero filed objections (ECF No. 30), to which the Commissioner did not respond. After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Goodman's report and recommendation (**ECF No. 27**), **denies** Marrero's motion for summary judgment (**ECF No. 22**) and **grants** the Commissioner's motion for summary judgment (**ECF No. 23**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

Marrero presents two objections to Judge Goodman's recommendations. First, Marrero asserts that Judge Goodman's report incorrectly found that the administrative law judge ("ALJ") implicitly reviewed and sufficiently addressed

the application of Listing 4.11 to Marrero's disability claim.[1] (Obj. at 1-2.) Second, Marrero challenges the report's determination that Marrero's daily activities provided support for the ALJ's determination that Marrero was capable of performing jobs other than his prior work in construction. (Obj. at 6-8.) The Court therefore reviews those two portions of Judge Goodman's report and recommendations de novo, and the remainder of the report and recommendations for clear error. *Macort*, 208 F. App'x at 783-84. Regardless of the standard the Court must apply, the Court finds the entirety of Judge Goodman's analysis to be cogent, compelling, and correct.

The report observes that, although the ALJ did not explicitly state that she reviewed Listing 4.11 in evaluating Marrero's claim, she implicitly relied upon it in reaching her decision. (Rep. & Rec. at 12.) Further, as Judge Goodman observes, "the ALJ's decision gives ample information for the Court to understand and evaluate her reasoning." (*Id.*) And the ALJ did address in her decision that she reviewed Marrero's claim applying "the criteria of Cardiovascular System section 4.00 *et seq.*," which includes Listing 4.11. (R. at 21.)[2] The ALJ additionally stated that she considered "the impairments listed under 20 CFR Part 404, Subpart P, Appendix I"—that is, the sub-portion of the regulations that contains Listing 4.11. (R. at 22.) The ALJ need not have explicitly referred to Listing 4.11 in her decision, so long as she developed sufficient reasoning supporting her decision. *Eubanks-Glades v. Colvin*, No. 13-60029-CIV, 2013 WL 12104893, at *12 (S.D. Fla. Nov. 5, 2013) (Setzer, Mag. J.), *report and recommendation adopted*, No. 13-60029-CIV, 2013 WL 6116810 (S.D. Fla. Nov. 20, 2013) (Cohn, J.) ("'[T]here is no particular language or format that an ALJ must use in his or her analysis as long as there is sufficient development of the record and explanation of findings to permit meaningful judicial review.'"). Having reviewed the record, the Court agrees on de novo review that Judge Goodman's analysis of the ALJ's opinion is correct, and this objection is unfounded.

Next, Marrero's attempts to find error in the ALJ's review of his daily activities, and the impact they should or should not have had on the ALJ's decision, runs afoul of the standard of review the Court must apply. In reviewing an ALJ's decision on a disability claim, "the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports her findings of fact." (Rep. & Rec. at 4 (citing *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984)).) Substantial evidence does not have to rise to a preponderance of the evidence—it

---

[1] Listing 4.11, part of the Social Security disability regulations relevant to this matter, addresses "chronic venous insufficiency of a lower extremity." 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

[2] Citations to "R. at __" refer to the administrative record transcript. (ECF No. 15.)

may be less, although it must be "more than a mere scintilla"—and if the ALJ's "decision is supported by substantial evidence, the Court **must** affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (emphasis added; citations omitted).

As Judge Goodman correctly observes, the ALJ's decision was supported by substantial evidence. (Rep. & Rec. at 22 (citing extensive evidentiary support in the record for the ALJ's decision, including significant medical records)). That Marrero's records may at times seems contradictory or even support his theory that "his limited daily activities are not inconsistent with [his] disability claim" (Obj. at 6) does not overcome the extensive support in the record for the ALJ's decision. (Rep. & Rec. at 22.) The Court therefore must affirm the ALJ's decision. *Dyer*, 395 F.3d at 1210.

Marrero further argues that the ALJ and Judge Goodman improperly interpreted Social Security Regulation 16-3p and wrongfully rejected Marrero's subjective testimony by focusing solely on "objective medical evidence." (Obj. at 7.) Marrero's view of the regulation is too narrow.

Social Security Regulation 16-3p states that "we will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-30, 2016 WL 1020935 (2016). As Judge Goodman correctly observes, this regulation prevents "an ALJ from rejecting a claimant's testimony solely because the objective medical evidence does not corroborate it." (Rep. & Rec. at 27.) It does **not**, however, "prevent an ALJ from **rejecting** testimony that is **contradicted by** objective medical evidence." (*Id.* (emphasis added).) Therefore, the ALJ did not err in rejecting testimony from Marrero that was directly contradicted by objective medical evidence. *See Dyer*, 395 F.3d at 1210 ("If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, as Dyer did here, the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms.").

The Court finds Judge Goodman's report and recommendation well-reasoned and thorough. Further, the Court has carefully reviewed Marrero's objections and concludes they are without merit. In sum, the administrative law judge's decision was supported by substantial evidence and applied the proper legal standards.

The Court, therefore, **affirms and adopts** the report and recommendation (**ECF No. 27**), **overruling** Marrero's objections (**ECF No. 30**), thus **granting** the Commissioner's motion for summary judgment (**ECF No. 23**), and **denying** Mesa's motion for summary judgment (**ECF No. 22**). Finally, the Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on December 9, 2022.

_____
Robert N. Scola, Jr.
United States District Judge